UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD WHITE,
    Plaintiff,

-v-                                **DEMAND FOR JURY TRIAL**

ACELL, INC.
    Defendant.
_____/
Ben M. Gonek (P43716)
Law Offices of Ben M. Gonek, PLLC
500 Griswold, Suite 2450
Detroit, Michigan 48226
ben@goneklaw.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiff Todd White by and through his attorney Ben M. Gonek and for his Complaint, Plaintiff states:

### JURISDICTION AND PARTIES

1. This is an action for violation of the Michigan Whistleblowers' Protection Act, MCL 15.361 et seq. and for a violation of the retaliation provision of the False Claim Act, specifically 31 U.S.C. 3730(h). This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1332 and Venue is proper in the Eastern District of Michigan.

1

2. Plaintiff Todd White is a resident of Oakland County Michigan and is an African American male.

3. Defendant ACell Corporation is a business that is registered and incorporated in the State of Delaware and is primarily based in Columbia, Maryland.

4. Defendant ACell corporation is a corporation that does business in the State of Michigan and is in the business of selling medical devices that are implanted internally and externally in the human body.

5. The events giving rise to this cause of action occurred in the State of Michigan.

6. The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.

7. The basis for this Court's jurisdiction of this matter is diversity of citizenship as well as the Federal Question of law involved in this case. 28 U.S.C. 1331 and 28 U.S.C. 1332.

## BACKGROUND FACTS

8. Plaintiff began her employment with Defendant corporation during the year 2013 as an Account Representative.

9. During his tenure with Defendant, Plaintiff has an excellent sales record and always conducted himself in a professional manner and an in a manner that was consistent for the best interest of the Defendant.

10. During the course of Plaintiff's employment with the Defendant, Plaintiff would be required to attend sales meetings and other work-related seminars concerning the sale of Defendant's products.

11. While attending one of the work-related meetings, Plaintiff learned that his supervisor and management were promoting off label marketing of certain products offered for sale by the Defendant.

12. Because Defendant's products are regulated by the Food and Drug Administration the off-label marketing of certain products is not only illegal but can cause health care providers to engage in Medicare fraud by submitting false claims to the United States Government.

13. Defendant has been under investigation for off label marketing by the United States Government.

14. On or about January 18, 2018, Plaintiff informed Defendant that he had information and proof that his supervisor was engaged in off label marketing. Plaintiff further informed Defendant that he was under a legal obligation to provide said information to law enforcement and/or the appropriate law enforcement agency investigating same.

15. Since the inception of Plaintiff's employment with the Defendant, Plaintiff has also been subjected to racial and age discrimination by Defendant and their agents.

16. On or about January 18, 2018, Plaintiff informed his employer of his intention to file a complaint with the EEOC and the Michigan Department of Civil Rights concerning Defendant victimizing him by discriminatory conduct.

17. On or about February 22, 2018, Plaintiff was terminated from his employment for threatening to report Defendant's illegal acts to various governmental entities.

18. There was no legal basis for Defendant to terminate Plaintiff's employment.

## COUNT ONE
## VIOLATION OF THE MICHIGAN WHISTLEBLOWER PROTECTION ACT
## MCL 15.361 et seq.

19. Plaintiff incorporates by reference paragraphs 1 through 19.

20. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of the Whistleblowers' Protection Act, MCL 15.361 et seq.

21. Defendant violated the Whistleblowers' Protection Act when they discriminated against Plaintiff as described regarding the terms,

4

benefits, conditions, and privileges of her employment because they believe Plaintiff reported or was going to report a violation or suspected violation of a law, regulation, or rule of the State of Michigan and/or the United States Government and opposed practices made illegal by the laws, regulations, or rules of the State of Michigan.

22. The actions of Defendant were intentional.

23. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

## COUNT TWO
## RETALIATION IN VIOLATION OF THE FALSE CLAIMS ACT
## 31 U.S.C. SECTION 3730(h)

24. Plaintiff realleges and incorporates the previous paragraphs by reference.

25. The retaliation provision of the False Claims Act protects an employee or contractor from being "discharged, demoted, suspended,

threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent, or associated others in furtherance an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. Section 3730(h).

26. Relief for violating this section includes reinstatement of the employee, contractor, or agent with the same level of seniority that person would have had but for the discriminatory conduct, as well as double damages for back pay, inters on back pay, and special damages. Relief also includes reasonable attorney's fees. Id. Section 3730(h)(1)(b).

27. Plaintiff was terminated due to reporting to Defendant that he was going to provide the Federal Bureau of Investigation concerning Defendant's off label marketing practice.

28. As a direct and proximate cause of this violation, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

**PLAINTIFF REQUESTS** that this court enter judgment against Defendants as follows:

1. Legal relief

    a. compensatory damages in whatever amount he is found to be entitled

    b. exemplary damages in whatever amount he is found to be entitled

    c. judgment for lost wages, past and future, in whatever amount he is found to be entitled

    d. an award for the value of lost fringe and pension benefits, past and future

    e. an award of interest, costs, and reasonable attorney fees

2. Equitable relief

    a. an order reinstating Plaintiff to the position he would have held had there been no discrimination or retaliation

    b. an injunction prohibiting any further acts of retaliation or discrimination

    c. an award of interest, costs, and reasonable attorney fees

    d. whatever other equitable relief appears appropriate at the time of final judgment.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

RESPECTFULLY SUBMITTED,

 _/s/ *Ben M. Gonek*_____
Ben M. Gonek (P43716)
Law Offices of Ben M. Gonek, PLLC
500 Griswold, Suite 2450
Detroit, Michigan 48226
Ben@goneklaw.com

DATED:  March 28, 2018